IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KYLE J. CARCIONE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 17-cv-700-JPG |
| | ) | |
| DONALD R. JONES, | ) | |
| and CHET SHAFFER, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, currently incarcerated at the Jackson County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. His claims arose while he was detained at the Franklin County Jail. Plaintiff claims that Defendants violated his rights in numerous ways, including denying him access to a grievance procedure, placing him in segregation without due process, and failing to transport him to court appearances. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d

1

1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that one of Plaintiff's claims survives threshold review under § 1915A.

**The Complaint**

Plaintiff states that he has been in custody since October 14, 2015, during which time he spent at least 10 months in the Franklin County Jail. (Doc. 1, p. 5). The Complaint indicates that Plaintiff is being held as a pretrial detainee on charges pending in Jackson County. He names Franklin County Jail Administrator Chet Shaffer and Sheriff Donald Jones as Defendants.

According to Plaintiff, Shaffer has impeded and denied his access to the jail's grievance process on many occasions. Shaffer is the person who answers grievances, and he has refused to

give Plaintiff copies or allow him to appeal his grievances outside the facility. (Doc. 1, p. 5).

Shaffer has interfered in all of Plaintiff's medical treatment by confiscating Plaintiff's medical requests and "making his own diagnosis," which has prolonged the process of obtaining treatment or an examination by a doctor. *Id.*

Shaffer has placed Plaintiff in segregation multiple times, without giving Plaintiff a disciplinary report or holding a hearing.

Shaffer and Jones have failed to place detainee rights or rights of the accused in the jail.

Jones and Shaffer allow unsanitary conditions to persist in the jail, including black mold in the showers, and rust on the eating tables.

Shaffer and Lt. Skobel (who is not a Defendant) have interfered with Plaintiff's legal mail/material. They have also confiscated and/or destroyed items, including personal pictures, in Plaintiff's incoming personal mail, without documenting what items were confiscated.

Shaffer deactivated Plaintiff's telephone PIN account for approximately 7 months, preventing Plaintiff from calling family, civil attorneys, and his criminal attorney. (Doc. 1, p. 5).

Over the 8-10 months prior to the filing of this action, Plaintiff has been issued multiple writs of habeas corpus by the Jackson County State's Attorney, ordering him to appear in court in Jackson County. However, Jones and Shaffer have repeatedly failed to honor the writs and refused to bring Plaintiff to court on multiple occasions. The most recent of these incidents was on May 26, 2017. Plaintiff alleges that their refusal to transport him has prolonged his detention and impeded his right to a fair legal process. *Id.*

Plaintiff has been refused legal material, despite his multiple requests and filing of grievances.

Plaintiff's final complaint is that cameras are set up in his cell, violating his personal

privacy.

Plaintiff seeks monetary damages for the violations of his rights. (Doc. 1, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Based on the allegations of the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice.

> **Count 1:** Shaffer has denied Plaintiff access to a grievance process in the jail;
>
> **Count 2:** Shaffer prevented and/or delayed Plaintiff's access to medical care;
>
> **Count 3:** Shaffer punished Plaintiff with segregation without due process;
>
> **Count 4:** Shaffer and Jones subjected Plaintiff to unsanitary conditions in the jail;
>
> **Count 5:** Shaffer interfered with Plaintiff's legal mail;
>
> **Count 6:** Shaffer confiscated and/or destroyed Plaintiff's incoming personal mail;
>
> **Count 7:** Shaffer revoked Plaintiff's telephone privileges, hindering contact with Plaintiff's attorneys and family members for 7 months;
>
> **Count 8:** Jones and Shaffer refused to honor writs to transport Plaintiff to Jackson County for court appearances, prolonging his detention and interfering with his pending prosecution;
>
> **Count 9:** Shaffer and Jones failed to post detainee's rights/rights of the accused in the jail, and unnamed parties have denied Plaintiff access to legal material;
>
> **Count 10:** Plaintiff is subjected to camera surveillance in his cell.

Count 3 shall proceed for further consideration against Shaffer. The remaining claims

(Counts 1, 2, and 4-10) shall be dismissed for failure to state a claim upon which relief may be granted. Jones shall also be dismissed from the action, as none of the claims against him survive threshold review.

**Dismissal of Count 1 – Access to Grievance Procedure**

Plaintiff's inability to access the jail's grievance procedure or obtain a response to his complaints does not give rise to a viable claim. An official's mishandling or failure to respond to grievances does not implicate any constitutional right.

Plaintiff's efforts to exhaust his administrative remedies by using the jail's grievance process may be relevant in the event that a Defendant raises a challenge to Plaintiff's ability to maintain a § 1983 suit over the substantive matters raised in the grievances. *See* 42 U.S.C. § 1997e(a); *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008). Nonetheless, a Defendant's action or inaction in handling Plaintiff's grievances does not support an independent constitutional claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of prison or jail officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). For these reasons, the claim in **Count 1** shall be dismissed from the action with prejudice.

**Dismissal of Count 2 – Denial/Delay in Medical Care**

Pretrial detainees such as Plaintiff are not covered by the Eighth Amendment. Instead, their claims for deliberate indifference to medical care are considered under the due process clause of the Fourteenth Amendment, and detainees are entitled to the same sort of protection

against deliberate indifference as convicted inmates, no less. *See Williams v. Romana*, 411 F. App'x 900, 901 n.1 (7th Cir. 2011); *Miller v. Hertz*, 420 F. App'x 629, 634 (7th Cir. 2011). To state a claim for deliberate indifference to medical care, a detainee must show that (1) he suffered from an objectively serious condition which created a substantial risk of harm, and (2) the defendants were aware of that risk and intentionally disregarded it. *Minix v. Canarecci*, 597 F.3d 824, 831 (7th Cir. 2010); *Jackson v. Ill. Medi-Car, Inc.*, 300 F.3d 760, 764-65 (7th Cir. 2002). "Delaying treatment may constitute deliberate indifference if such delay exacerbated the injury or unnecessarily prolonged an inmate's pain." *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (internal citations and quotations omitted). However, evidence that a defendant acted negligently does not raise a claim for deliberate indifference. *Jackson*, 300 F.3d at 764-65.

A medical need is "serious" for deliberate indifference purposes where it is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters*, 111 F.3d 1364, 1371 (7th Cir. 1997).

Here, Plaintiff asserts that Shaffer confiscated the medical requests Plaintiff intended for the jail's medical staff, and "made his own diagnosis" of Plaintiff's ailment(s). Shaffer's actions delayed Plaintiff's attempts to obtain a medical examination or treatment. (Doc. 1, p. 5). If Shaffer caused Plaintiff to be unable to receive care for a serious ailment or condition, or delayed Plaintiff's access to care, Plaintiff may have a viable Fourteenth Amendment claim against Shaffer. However, the Complaint does not include any information regarding the nature of Plaintiff's medical complaints. As a result, the Court cannot conclude that Plaintiff faced a risk to his health that was serious enough to implicate constitutional concern. This alone must lead to dismissal of the claim. Further, Plaintiff never says whether he ultimately did see a nurse or

doctor, or whether he ever received treatment for his issues.

Because the Complaint does not demonstrate that Plaintiff suffered from a serious medical condition, **Count 2** shall be dismissed for failure to state a claim upon which relief may be granted. The dismissal shall be without prejudice, however, and Plaintiff may re-plead this claim in an amended complaint if he wishes to further pursue it.

### Count 3 – Segregation Punishment without Due Process

Generally, confinement of pretrial detainees may not be punitive, because "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Thus, conditions of pretrial confinement must be "reasonably related to a legitimate governmental objective." *Id.* at 539. *See also Board v. Farnham*, 394 F.3d 469, 477 (7th Cir. 2005); *Murphy v. Walker*, 51 F.3d 714, 718 (7th Cir. 1995); *Brownell v. Figel*, 950 F.2d 1285, 1289 (7th Cir. 1991). The Seventh Circuit has indicated that "any nontrivial punishment of a [pretrial detainee is considered] a sufficient deprivation of liberty to entitle him to due process of law." *Holly v. Woolfolk*, 415 F.3d 678, 679-80 (7th Cir. 2005). Thus, "[a] pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less." *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). Procedural protections are required within a reasonable time of the imposition of any punishment. *See Holly*, 415 F.3d at 680-82 (hearing for detainee within 48 hours of placement in segregation did not violate due process; hearing need not take place prior to imposition of punishment); *see generally Wolff v. McDonnell*, 418 U.S. 539 (1974). On the other hand, "no process is required if [a pretrial detainee] is placed in segregation not as punishment but for managerial reasons." *Higgs*, 286 F.3d at 438.

In *Wolff*, the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or is otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-72.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Court has also held that due process requires that the findings of the disciplinary tribunal must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *see also Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007); *Black v. Lane*, 22 F.3d 1395, 1402 (7th Cir. 1994).

In Plaintiff's Complaint, he states that Shaffer placed him in segregation "multiple times" without holding any type of disciplinary hearing, and without furnishing Plaintiff with a copy of any report of misconduct to support the disciplinary action. While Plaintiff does not give further details, even this brief recitation is sufficient to state a claim at this stage, because Plaintiff alleges that he received *no* process whatsoever in connection with his disciplinary confinement. Accordingly, Plaintiff's Fourteenth Amendment due process claim in **Count 3** shall proceed for further review against Shaffer.

**Dismissal of Count 4 – Unsanitary Conditions**

Claims relating to a pretrial detainee's conditions of confinement arise under the Fourteenth Amendment, rather than the Eighth Amendment. *See Weiss v. Cooley*, 230 F.3d 1027, 1032 (7th Cir. 2000). Nonetheless, the Seventh Circuit has "found it convenient and

entirely appropriate to apply the same standard to claims arising under the Fourteenth Amendment (detainees) and Eighth Amendment (convicted prisoners) 'without differentiation.'" *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (quoting *Henderson v. Sheahan*, 196 F.3d 839, 845 n.2 (7th Cir. 1999)). Thus, for 'cruel and unusual punishment' claims brought by a detainee, the plaintiff must show that the jail officials knew that the plaintiff was at risk of serious harm, and that they disregarded that risk by failing to reasonably discharge the risk. *Grieveson v. Anderson*, 538 F.3d 763, 771-72, 777-79 (7th Cir. 2008).

Plaintiff points to 2 objectionable conditions in the jail – the showers were contaminated with black mold and had no lighting, and the tables where Plaintiff and other inmates ate their meals were covered with rust. (Doc. 1, p. 5). He does not, however, allege that he suffered any health problems as a result of these conditions. Nor does Plaintiff indicate whether he complained to either of the Defendants about these conditions, or describe the Defendants' responses to any complaints he may have made. As a result, the Complaint does not establish that Plaintiff faced an objectively serious risk of harm from either the black mold or the rusty tables. Likewise, it does not demonstrate that either Shaffer or Jones was aware of a serious risk to Plaintiff's health, yet failed to take steps to correct the conditions. In summary, Plaintiff fails to state a claim upon which relief may be granted for the conditions claim in **Count 4.** This claim shall therefore be dismissed without prejudice.

### Dismissal of Count 5 – Legal Mail

Under the First Amendment, inmates have the right to send and receive mail, subject to their mail being examined to ensure that it does not contain contraband. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). A prisoner's legal mail is entitled to greater privacy protection, in order to avoid interference with the inmate's right to access the courts. *Id.*; *see also Kaufman v.*

9

*McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005). As such, letters clearly marked with an attorney's name and a notation that the item is legal mail must be opened only in the presence of the inmate. *See Wolff v. McDonnell*, 418 U.S. 539, 576, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974); *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304, 305-06 (7th Cir.1993). Nonetheless, the inadvertent or negligent occasional opening of a legal letter is not actionable. *See, e.g., Bryant v. Winston*, 750 F. Supp. 733 (E.D. Va. 1990).

In Plaintiff's case, he does not describe Shaffer's conduct underlying the claim that Shaffer "interfered" with Plaintiff's legal mail. (Doc. 1, p. 5). The bare conclusion that some activity constituted "interference" is not enough to state a viable constitutional claim. *See Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Plaintiff must flesh out this claim with supporting factual allegations if he wishes to pursue it. **Count 5** shall be dismissed at this time for failure to state a claim upon which relief may be granted.

### Dismissal of Count 6 – Personal Mail

The First Amendment right to receive mail includes correspondence of a personal nature, again, subject to examination by jail officials to screen for contraband. *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999). An isolated disruption of mail service will not violate the Constitution. Although the First Amendment "applies to communications between an inmate and an outsider," a valid claim requires an allegation that there has been "a continuing pattern or repeated occurrences" of denial or delay of mail delivery. *Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir. 2000) ("Allegations of sporadic and short-term delays in receiving mail are insufficient to state a cause of action grounded upon the First Amendment." (citing *Rowe*, 196 F.3d at 782; *Sizemore v. Wiliford*, 829, F.2d 608, 610 (7th Cir. 1987))).

Here, Plaintiff claims that Shaffer confiscated or destroyed personal pictures contained in

his incoming mail, and gave him no documentation of the items that were confiscated. The Complaint does not disclose whether this was an isolated incident or part of an ongoing pattern of personal mail disruption. Without more factual content, the Court cannot conclude that Plaintiff has stated a First Amendment claim upon which relief may be granted. Therefore, **Count 6** shall also be dismissed without prejudice.

### Dismissal of Count 7 – Telephone Access

The Supreme Court has recognized that "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution," *Turner v. Safley*, 482 U.S. 78, 84 (1987), "nor do they bar free citizens from exercising their own constitutional rights by reaching out to those on the 'inside.' " *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989). The federal courts have accordingly held that inmates retain their First Amendment rights to communicate with family and friends, including reasonable access to the telephone. Nonetheless, inmates do not have the right to unlimited telephone usage, and the security problems inherent in correctional facilities may lead to restrictions on inmates' telephone use. *Martin v. Tyson*, 845 F.2d 1451, 1457 (7th Cir. 1988), *cert. denied*, 488 U.S. 863 (1988) (citing *Martin v. Brewer*, 830 F.2d 76, 78 (7th Cir. 1987)). The exact nature of telephone service to be provided to inmates is generally to be determined by prison administrators, "subject to court scrutiny for unreasonable restrictions." *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994); *see also Strandberg v. City of Helena*, 791 F.2d 744, 747 (9th Cir. 1986). An unreasonable restriction on prisoners' telephone access may violate the First and Fourteenth Amendment. *Tucker v. Randall*, 948 F.2d 388, 391 (7th Cir. 1991). Denial of attorney telephone calls may, under some circumstances, also run afoul of the Sixth and First Amendments. *Id.*

In Plaintiff's case, he states that Shaffer deactivated his telephone PIN account,

preventing him from making phone calls "with my own account for a period of about (7) months." (Doc. 1, p. 5). The reason for this action is not clear from the Complaint, and Plaintiff's wording implies that he may still have been able to engage in telephone calls during the period in question. Either way, it does not appear that Plaintiff was completely barred from communicating with his family or attorneys. He retained the ability to write to them, and he did not allege that he was prohibited from receiving visitors. More importantly, Plaintiff does not allege that Shaffer's deactivation of his PIN account adversely affected his access to legal representation in his pending criminal case, or otherwise restricted his access to the courts.

Without some indication that Plaintiff was denied access to counsel or to the courts, or that he was unreasonably prevented from communicating with family, the Complaint does not support a viable constitutional claim. At this time, **Count 7** shall be dismissed without prejudice.

### Dismissal of Count 8 – Failure to Transport Plaintiff/Access to Court

Prisoners have a fundamental right of meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817 (1977). This right of access extends to pretrial detainees as well as convicted prisoners. *See Casteel v. Pieschek*, 3 F.3d 1050, 1053 (7th Cir. 1993). One of the requirements to state a claim for denial of access to the courts is that a plaintiff must show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992); *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987). That means that a detriment must exist, a detriment resulting from illegal conduct that affects litigation. It does not mean that any delay is a detriment. *Kincaid v. Vail*, 969 F.2d 594, 603 (7th Cir. 1992), *cert. denied*, 506 U.S. 1062

(1993). Regardless of the length of an alleged delay, a prisoner must show actual substantial prejudice to specific litigation. *Kincaid*, 969 F.2d at 603.

Here, Plaintiff asserts that the progress of his Jackson County criminal prosecution was delayed when Jones and Shaffer refused on several occasions to bring him to court in accordance with writs issued for his appearance. (Doc. 1, p. 5). The most recent of these incidents was on May 26, 2017. According to Plaintiff, his absence from these scheduled hearings has prolonged his detention and "imped[ed] [his] right to a fair legal process." *Id.*

Notably, Plaintiff was transferred back to the Jackson County Jail at some point after May 26, 2017, and he continues to be incarcerated in that location. While Plaintiff alleges that his detention has been prolonged because of Defendants' failure to transport him to court in Jackson County, this claim is belied by the docket record in Plaintiff's pending case.[1] Plaintiff's attorney filed motions to continue his case on June 28, 2016; February 14, 2017; March 28, 2017; and July 6, 2017; all of which were granted. The docket also notes that as of November 7, 2016, Plaintiff was being held in the Franklin County Jail on other charges filed in that county. Under these circumstances, Jones and Shaffer's refusal to transport Plaintiff to court does not appear to have caused any detriment to Plaintiff's pending prosecution or lengthened his incarceration.

**Count 8** shall also be dismissed from the action without prejudice.

**Dismissal of Count 9 – Legal Material**

"[T]he mere denial of access to a prison law library or to other legal materials is not itself

---

[1] The docket sheet for Jackson County Case No. 2015-CF-407 is available on www.judici.com (last visited on Sept. 6, 2017). Court documents are public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994); *see also Bova v. U.S. Bank, N.A.*, 446 F. Supp. 2d 926, 930 n.2 (S.D. Ill. 2006) (a court may judicially notice public records available on government websites) (collecting cases).

a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.*

Here, Plaintiff says nothing about the nature of the materials he requested, and does not claim that the denial of access to the material had any impact on his ability to defend himself in his pending criminal matters, or on any other litigation. Likewise, his complaint about Jones' and Shaffer's failure to post information on detainee's rights or rights of the accused does not indicate that Plaintiff suffered any detriment to his court cases because of their omission. As such, **Count 9** fails to state a claim upon which relief may be granted, and shall be dismissed.

### Dismissal of Count 10 – Camera Surveillance

The Supreme Court has established that prisoners do not have a reasonable expectation of privacy in their cells. *Hudson v. Palmer*, 468 U.S. 517, 525-30 (1984). The Court explained: "A right of privacy … is fundamentally incompatible with the *close and continual surveillance of inmates* and their cells required to ensure institutional security and internal order." *Hudson*, 468 U.S. at 527-28 (emphasis added). Based on this authority, a prisoner will not be able to sustain a Fourth Amendment claim for violation of privacy rights as a result of cell monitoring. The Seventh Circuit further observed, in addressing claims filed by a pretrial detainee who was subject to video surveillance while unclothed: "[M]onitoring of naked prisoners is not only permissible … but also sometimes mandatory. Inter-prisoner violence is endemic, so constant vigilance without regard to the state of the prisoners' dress is essential. Vigilance over showers,

14

vigilance over cells – vigilance everywhere, which means that guards gaze upon naked inmates." *Johnson v. Phelan*, 69 F.3d 144, 146 (7th Cir. 1995).

In the case at bar, the totality of Plaintiff's stated claim is: "Cameras set up in cell violation [sic] of personal privacy." (Doc. 1, p. 5). According to the precedent above, however, camera surveillance of his jail cell does not violate any constitutional right. **Count 10** shall therefore be dismissed. Out of an abundance of caution, the dismissal shall be without prejudice.

### Pending Motion

Plaintiff's motion for recruitment of counsel (Doc. 3) shall be referred to the United States Magistrate Judge for further consideration.

### Disposition

**COUNT 1** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted. **COUNTS 2, 4, 5, 6, 7, 8, 9, and 10** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**JONES** is **DISMISSED** from the action without prejudice.

In order for Plaintiff to proceed with the claim in **COUNT 3**, the Clerk of Court shall prepare for **SHAFFER**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action

for want of prosecution.  See FED. R. CIV. P. 41(b).

    **IT IS SO ORDERED.**

    **DATED: September 7, 2017**

                                                 *s/J. Phil Gilbert*
                                                 United States District Judge