IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KYLE CARCIONE, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>CHET SHAFFER, )<br>)<br>Defendant. ) | Case No. 3:17-CV-700-MAB |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Currently pending in this matter is the undersigned's Report and Recommendation entered on November 21, 2019 (Doc. 40), and Plaintiff Kyle Carcione's motion for recruitment of counsel (Doc. 41).

**A. Motion for Counsel**

In determining whether to recruit an attorney for an indigent litigant, the Court must ask whether the litigant made a reasonable attempt to obtain counsel on their own (or was effectively been precluded from doing so) and whether the litigant appears competent to litigate the case himself without an attorney given the factual, legal, and practical difficulties of the case. *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019); *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (per curiam).

Plaintiff's previous request for counsel was denied in February 2018, shortly after a scheduling order was entered but before discovery had begun in earnest, because he failed to make the threshold showing that he made a reasonable attempt to obtain counsel

on his own, and he also did not explain what difficulties he was having in litigating the case (Doc. 24; *see also* Doc. 15, Doc. 22). Plaintiff did not renew his request for counsel at any point over the next twenty-one months. Not during the discovery phase. Not before Defendant filed his motion for summary judgment in December 2018. And not after he saw Defendant's motion for summary judgment. Instead, Plaintiff responded to the motion on his own on January 28, 2019 (Doc. 34). He then waited another ten months before he finally renewed his request for counsel (Doc. 41). That request was filed on the docket on November 21, 2019, a little over an hour after the undersigned entered a Report and Recommendation on Defendant's motion for summary judgment (Doc. 40, Doc. 41).

Plaintiff's motion for counsel is simply too late. His motion was not filed until well after the close of discovery, well after the close of briefing on the summary judgment motion, and after the entry of the Report and Recommendation on the motion. This is not the sort of delay that a court is expected to tolerate or accommodate, particularly since there is little to nothing left for an attorney to assist him with. *See Meraz-Camacho v. United States*, 417 Fed. Appx. 558, 559 (7th Cir. 2011) (finding "[d]elay was a sufficient reason for denial" of plaintiff's motion for counsel that was not filed until after the close of briefing on the defendants' motion for summary judgment); *McCarty v. Rivera*, 172 F.3d 53 (7th Cir. 1998) (finding "delay was a perfectly good reason" for district court to deny plaintiff's motion for counsel where plaintiff did not attempt to request counsel until after he missed his deadline to respond to the defendants' motion for summary judgment and summary judgment had already been granted by the time plaintiff's motion for counsel arrived at the court). Plaintiff's motion for recruitment of counsel is denied.

### B. Report and Recommendation

The undersigned filed a Report and Recommendation on November 21, 2019, in which he recommended granting Defendant Chet Shaffer's motion for summary judgment (Doc. 40; Doc. 27). After the Report and Recommendation was filed, but before either party lodged any objections and before District Judge J. Phil Gilbert entered an order adopting or rejecting the Report and Recommendation, the final consent from Defendant was filed and Judge Gilbert referred the case to the undersigned pursuant to 28 U.S.C. 636(c) for all further proceedings (Docs. 8, 44, 45).

Now that the undersigned is the presiding judge in this matter, the Report and Recommendation dated November 21, 2019 (Doc. 40) is adopted as the undersigned's final order on Defendant's motion for summary judgment (Doc. 27), and the motion for summary judgment is granted. If Plaintiff wants to contest the undersigned's ruling, the proper avenue is no longer to file an Objection to the Report and Recommendation (*see* Doc. 40-1). Plaintiff should instead file a motion pursuant to Federal Rule of Civil Procedure 59(e) asking the undersigned to reconsider the ruling, or he can file a notice of appeal to the Seventh Circuit. Further explanation as to Plaintiff's options going forward is contained below in the section entitled "Notice."

### Conclusion

Plaintiff's motion for recruitment of counsel (Doc. 41) is **DENIED**.

The Report and Recommendation dated November 21, 2019 (Doc. 40) is adopted as the undersigned's final Order on Defendant Chet Shaffer's motion for summary judgment. The motion for summary judgment (Doc. 27) is **GRANTED** and Defendant

Shaffer is **DISMISSED** with prejudice from this action. The Clerk of Court is directed to enter judgment accordingly and close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED: December 4, 2019**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

### Notice

If Plaintiff wishes to contest this Order, he has two options. He can ask the Seventh Circuit to review the Order, or he can first ask the undersigned to reconsider the Order before appealing to the Seventh Circuit.

If Plaintiff chooses to go straight to the Seventh Circuit, he must file a notice of appeal *within 30 days* from the entry of judgment or order appealed from. FED. R. APP. P. 4(a)(1)(A). The deadline can be extended for a short time only if Plaintiff files a motion showing excusable neglect or good cause for missing the deadline and asking for an extension of time. FED. R. APP. P. 4(a)(5)(A), (C). *See also Sherman v. Quinn*, 668 F.3d 421, 424 (7th Cir. 2012) (explaining the good cause and excusable neglect standards); *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 807 (7th Cir. 2011) (explaining the excusable neglect standard).

On the other hand, if Plaintiff wants to start with the undersigned, he should file a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). The

motion *must* be filed within twenty-eight (28) days of the entry of judgment, and the deadline *cannot* be extended. FED. R. CIV. P. 59(e); 6(b)(2). The motion must also comply with Rule 7(b)(1) and state with sufficient particularity the reason(s) that the Court should reconsider the judgment. *Elustra v. Mineo*, 595 F.3d 699, 707 (7th Cir. 2010); *Talano v. Nw. Med. Faculty Found., Inc.*, 273 F.3d 757, 760 (7th Cir. 2001). *See also Blue v. Hartford Life & Acc. Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012) ("To prevail on a Rule 59(e) motion to amend judgment, a party must clearly establish (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment.") (citation and internal quotation marks omitted).

So long as the Rule 59(e) motion is in proper form and timely submitted, the 30-day clock for filing a notice of appeal will be stopped. FED. R. APP. P. 4(a)(4). The clock will start anew once the undersigned rules on the Rule 59(e) motion. FED. R. APP. P. 4(a)(4). To be clear, if the Rule 59(e) motion is filed outside the 28-day deadline or is "completely devoid of substance," the motion will not stop the clock for filing a notice of appeal; it will expire 30 days from the entry of judgment. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 826 (7th Cir. 2014); *Martinez v. Trainor,* 556 F.2d 818, 819–20 (7th Cir. 1977). Again, this deadline can be extended only on a written motion by Plaintiff showing excusable neglect or good cause.

The Court has one more bit of instruction regarding the appeals process. If Plaintiff chooses to appeal to the Seventh Circuit, he can do so by filing a notice of appeal in this Court. FED. R. APP. P. 3(a). The current cost of filing an appeal with the Seventh Circuit is $505.00. The filing fee is due at the time the notice of appeal is filed. FED. R. APP. P. 3(e). If

Plaintiff cannot afford to pay the entire filing fee up front, he must file a motion for leave to appeal *in forma pauperis* ("IFP motion") along with a recent statement for his prison trust fund account. *See* FED. R. APP. P. 24(a)(1)(C). The IFP motion must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If he is allowed to proceed IFP on appeal, he will be assessed an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He will then be required to make monthly payments until the entire filing fee is paid. 28 U.S.C. § 1915(b)(2).