IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KYLE CARCIONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:17-CV-700-MAB |
| | ) |
| CHET SHAFFER, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on Plaintiff Kyle Carcione's "Objections to Report and Recommendations" (Doc. 48), which the Court construes as a motion to reconsider. For the reasons stated below, the motion is denied.

#### BACKGROUND

The undersigned filed a Report and Recommendation on November 21, 2019, in which he recommended granting Defendant Chet Shaffer's motion for summary judgment (Doc. 40; Doc. 27). While the Report and Recommendation was pending, and before either party lodged any objections, the parties consented to have a United States Magistrate Judge conduct all proceedings in this case (Docs. 44, 45). The case was referred to the undersigned pursuant to 28 U.S.C. 636(c) and Federal Rule of Civil Procedure 73 for all further proceedings (Docs. 45). Now the presiding judge, the undersigned adopted the Report and Recommendation as the final order on Defendant Shaffer's motion for summary judgment, and the motion for summary judgment was granted (Doc. 46).

Through an oversight on the Court's part, judgment was not entered. The Court then received a document titled "Plaintiff's Objections to Report and Recommendations" (Doc. 48). The Court construes Plaintiff's objections as a pre-judgment motion to reconsider the order granting summary judgment. *E.g., Marconi Wireless T. Co. of Am. v. United States*, 320 U.S. 1, 47–48 (1943); *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018); FED. R. CIV. P. 54(b).

## DISCUSSION

Plaintiff's objects to the facts as stated by the Court regarding the incident where he pushed the call button a number of times because he wanted to look at a legal book that was not on the unit (Doc. 48, pp. 1–3; *see also* Doc. 40, p. 2). He also objects to the mention of a broken desk and minor arguments that he had with other inmates (Doc. 48, pp. 2–3). He contends the Court "focuse[d] on irrelevant and minor incedents [sic], using them as spring boards to find reasons leading to the plaintiff's segregation" (*Id.* at p. 3).

The Court was simply setting forth the background facts regarding the incidents and events that preceded Plaintiff's stints in segregation. These facts were taken directly from Plaintiff's own deposition (Doc. 40, pp. 2–5; Doc. 27-1). And Defendant Shaffer testified via a sworn affidavit that Plaintiff was placed in a segregation cell on several occasions because of these incidents and events, which were disruptive of jail operations (Doc. 40, p. 5; Doc. 27-2). The Court did not mischaracterize or misrepresent anything. All information was taken directly from the evidence submitted by the parties.

Plaintiff also takes issue with the fact Defendant "only used 'incedents' [sic] produced by the plaintiff's deposition [and] plaintiff's own words . . . [and] failed to

produce evidence of specific incidents [sic] independent of the plaintiff's deposition testimony or plaintiff's affidavit" (Doc. 48, p. 6). This argument is frivolous. Defendant was not required to provide his own description of the incidents Plaintiff had already described, or to conjure up evidence of additional incidents.

Plaintiff also rehashes his arguments regarding Defendant Shaffer's purported failure to produce any kind reports regarding the aforementioned incidents (such as an incident, investigative, or disciplinary report) (Doc. 48). These discovery-related arguments were previously denied on more than one occasion (Docs. 37, 39). Plaintiff does not argue that the Court's previous rulings were incorrect or provide the Court with any reason to believe those rulings should be reconsidered (*see* Doc. 48).

Finally, Plaintiff argues that during his stints in administrative segregation, he was on "(24/7) lockdown" and deprived of "recreation, phone privileges, human interaction with other detainees, daily showers," and subjected to "unsanitary conditions" (Doc. 48). He claims that these deprivations require the jail to provide him with due process and procedural safeguards, but that was not done (Doc. 48). Plaintiff's argument, however, is meritless.

Pretrial detainees can be sent to segregation for a legitimate administrative, protective, or investigative purpose without procedural due process protections, such as advance notice or a hearing. *Miller v. Dobier*, 634 F.3d 412, 415 (7th Cir. 2011); *Higgs v. Carver*, 286 F.3d 437, 438 (7th Cir. 2002). But detainees still have the right to complain of a due process violation if the restrictions imposed constitute a deprivation of liberty within the meaning of the Constitution. *Id.* An actionable incremental deprivation of

liberty arises if administrative segregation is prolonged or indefinite and the conditions in segregation are *substantially* more restrictive than those in the rest of the jail. *Id.* (a detainee put in segregation "not as punishment but for managerial reasons" cannot be kept "in segregation indefinitely without providing the procedural safeguards encapsulated in the term 'due process' . . . if conditions in the segregation unit were so much more restrictive than those in the rest of the jail as to constitute an actionable incremental deprivation of liberty."); *see also Isby v. Brown*, 856 F.3d 508, 524 (7th Cir. 2017) ("Prisoners do not have a constitutional right to remain in the general population; but both the duration and the conditions of the segregation must be considered in determining whether due process is implicated.") (internal citations omitted).

Here, Defendant Shaffer testified that Plaintiff was put in segregation not for punishment but because he was disruptive to jail operations (Doc. 40). Plaintiff seems to believe that it nevertheless amounted to punishment (Doc. 48). "Detainees who are more disruptive than prison inmates can be subjected to greater restrictions without those restrictions constituting punishment." *Miller*, 634 F.3d at 415. Furthermore, Plaintiff's time in segregation was neither prolonged nor indefinite—he was usually there for about a week, and his longest stint was for two weeks (Doc. 40). As for the conditions he faced, the Court begins by noting that no evidence regarding purported unsanitary conditions or lack of phone privileges was provided on summary judgment (*see* Doc. 40; Doc. 27-1; Doc. 34). There still isn't—there is only Plaintiff's conclusory assertion.[1] Plaintiff, of

---

[1] *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) ("A party seeking to defeat a motion for summary judgment is required to wheel out all its artillery to defeat it. Belated factual

course, was not allowed to mingle with and interact with the other detainees, but there is no evidence that he was cut off from *all* human contact (*see* Doc. 40; Doc. 27-1). He got one shower a week instead of daily showers (Doc. 40). And he was not allowed to go to yard (Doc. 40). These additional restrictions that he faced in segregation were too limited to amount to a deprivation of constitutional liberty and no reasonable jury could conclude otherwise. Consequently, there was no due process violation.[2]

## Conclusion

Plaintiff Kyle Carcione's "Objections to Report and Recommendations" (Doc. 48), which is construed as a motion to reconsider, is **DENIED.** The Clerk of Court is directed to enter judgment in favor of Defendant Chet Shaffer and close this case on the Court's docket.

**IT IS SO ORDERED.**

**DATED: June 1, 2020**

<u>s/ Mark A. Beatty</u>
**MARK A. BEATTY**
**United States Magistrate Judge**

---

or legal attacks are viewed with great suspicion . . . .") (internal quotation marks and citation omitted); *Thomas v. Christ Hosp. & Med. Ctr.*, 328 F.3d 890, 894 (7th Cir. 2003) ("[C]onclusory assertions, unsupported by specific facts made in affidavits opposing a motion for summary judgment, are not sufficient to defeat a motion for summary judgment.")

[2] *See Miller*, 634 F.3d at 414–15 (holding no deprivation of liberty interest where detainee was subjected to disciplinary measures, including earlier curfew time, denial of yard privileges, inability to participate in special events, loss of use of library, exercise room, and typewriter, but was free to leave his cell for most of the day, free to receive visitors, and able to avoid extremes of close confinement normally encountered in segregation units); *Winston v. Scott*, 718 Fed. Appx. 438, 439 (7th Cir. 2018) (holding detainee who was punished with 90 days of restriction from all "tasks," which was assumed to mean privileges, had no claim because "a civil detainee's loss of privileges is not a deprivation of a protected liberty interest[.]")